# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE No.: | 2014AP1853 |
| COMPLETE TITLE: | Albert D. Moustakis,<br> Plaintiff-Appellant-Petitioner,<br>        v.<br>State of Wisconsin Department of Justice,<br> Defendant-Respondent,<br>Steven M. Lucareli,<br> Intervenor. |

REVIEW OF A DECISION OF THE COURT OF APPEALS
(Reported at 364 Wis. 2d 740, 869 N.W.2d 788)
(Ct. App. 2015 – Published)
PDC. No: 2015 WI App 63

| | |
|---|---|
| OPINION FILED: | May 20, 2016 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | February 4, 2016 |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | Circuit |
| COUNTY: | Lincoln |
| JUDGE: | Jay R. Tlusty |

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | |
| CONCURRED/DISSENTED: | ROGGENSACK, C. J. concurs and dissents, joined by ZIEGLER, J. and GABLEMAN, J. |
| DISSENTED: | |
| NOT PARTICIPATING: | |

ATTORNEYS:

For the plaintiff-appellant-petitioner, there were briefs by *Benjamin J. Krautkramer* and *Swid Law Offices, LLC*, Mosinee, and oral argument by *Scott A. Swid*.


For the defendant-respondent, the cause was argued by *Brian Keenan*, assistant attorney general, with whom on the brief was *Brad D. Schimel*, attorney general.

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2014AP1853
(L.C. No. 2014CV41)

STATE OF WISCONSIN            :      IN SUPREME COURT

**Albert D. Moustakis,**

       **Plaintiff-Appellant-Petitioner,**

   **v.**

**State of Wisconsin Department of Justice,**

       **Defendant-Respondent,**

**Steven M. Lucareli,**

       **Intervenor.**

**FILED**

**MAY 20, 2016**

Diane M. Fremgen
Clerk of Supreme Court

REVIEW of a decision of the Court of Appeals *Affirmed and cause remanded.*

¶1 SHIRLEY S. ABRAHAMSON, J. This is a review of a published decision of the court of appeals, <u>Moustakis v. Wisconsin Department of Justice</u>, 2015 WI App 63, 364 Wis. 2d 740, 869 N.W.2d 788, affirming an order of the Circuit Court for Lincoln County, Jay R. Tlusty, Judge.

¶2 The circuit court dismissed an action brought by Vilas County District Attorney Albert Moustakis under Wis. Stat.

§ 19.356(4) (2013-14)[1] seeking to restrain the Wisconsin Department of Justice from releasing records pertaining to Moustakis in response to a public records request by The Lakeland Times, a newspaper located in Minocqua, Wisconsin. The court of appeals affirmed the order of the circuit court.

¶3 This review raises a single question that was well-stated by the court of appeals: Is a district attorney an "employee" as that term is used in Wis. Stat. § 19.356(2)(a)1. and defined in § 19.32(1bg) such that the district attorney may maintain an action for notice and pre-release judicial review of records under § 19.356(4)?[2]

---

[1] All subsequent references to the Wisconsin Statutes are to the 2013-14 version unless otherwise indicated.

[2] Moustakis v. Wis. DOJ, 2015 WI App 63, ¶11, 364 Wis. 2d 740, 869 N.W.2d 788.

The parties and the circuit court and court of appeals framed the issue presented as a question of standing, that is, does Moustakis have standing to bring his action? Phrasing the issue as one of standing is asking, as we do, whether Moustakis falls within the ambit of the provisions of the public records law granting a record subject notice of the decision of an authority to provide a requester access to records and pre-release judicial review of the decision to provide access. See William A. Fletcher, The Structure of Standing, 98 Yale L.J. 221, 236 (1988) ("'When a plaintiff seeks standing on the basis that an interest is protected by statute, the question whether that interest is legally protected for standing purposes is the same as the question whether plaintiff (assuming his or her factual allegations are true) has a claim on the merits.'") (quoting Stephen G. Breyer & Richard B. Stewart, Administrative Law and Regulatory Policy: Problems, Text, and Cases 1094 (2d ed. 1985) (footnote omitted)).

(continued)

¶4    To answer this question, we take the same approach as the court of appeals and the parties, namely, we analyze the interconnecting provisions of the public records law, Wis. Stat. §§ 19.21-.39, and apply them to the fact situation at hand. The Wisconsin public records law is not always easy to read or decipher. Multiple provisions of the public records law cross-reference each other. Nevertheless, by analyzing the public records law step by step, we can resolve the present case. To enable easier reference to the text of the public records law as we discuss the cross-references, we have attached the text of the relevant statutes and constitutional provisions as Appendix A.

¶5    After analyzing the public records law and the parties' arguments, we conclude, as did the court of appeals, that a district attorney holds a state public office and is not an "employee" within the meaning of Wis. Stat. §§ 19.32(1bg) and 19.356(2)(a)1. Because the records at issue do not fall within

---

In other words, whether Moustakis fits within the group of individuals to whom the public records law grants notice and an opportunity for pre-release judicial review is a matter of statutory interpretation. Standing and statutory interpretation are distinct and should not be conflated. In the instant case, it is easier to frame the issue as a matter of statutory interpretation rather than as a matter of standing. See Wisconsin's Envt'l Decade, Inc. v. Pub. Serv. Comm'n of Wis., 69 Wis. 2d 1, 11, 230 N.W.2d 243 (1975) (describing cases resolved "on the notion that the statute relied upon by the person seeking review did not give legal recognition to the interest asserted" as "rest[ing] upon statutory interpretation rather than the law of standing itself.").

the narrow exception to the general rule that a "record subject" is not entitled to notice or pre-release judicial review of the decision of an authority to provide access to records pertaining to that record subject, Moustakis may not maintain an action under Wis. Stat. § 19.356(4) to restrain the Department of Justice from providing The Lakeland Times access to the requested records.

¶6   Accordingly, we affirm the decision of the court of appeals and the circuit court's order dismissing Moustakis's action under the Wisconsin public records law.

¶7   We remand the cause to the circuit court for further proceedings consistent with this opinion to consider Moustakis's amended complaint alleging two additional causes of action, the first seeking a writ of mandamus and the second asserting a challenge to the constitutionality of Wis. Stat. § 19.356.  The circuit court stayed proceedings on these two causes of action,[3] and these two causes of action are not at issue in this court.[4]

I

¶8   For purposes of this review, the facts and procedural history are not in dispute.

¶9   In July 2013, The Lakeland Times sent a public records request to the Department of Justice regarding Moustakis.  The

---

[3] This court granted Moustakis's petition for review but did not grant Moustakis's petition that the court accept an original action to decide the second and third causes of action.

[4] Moustakis, 364 Wis. 2d 740, ¶7 n.5.

request sought records of any "complaints or investigations regarding Vilas County District Attorney Al Moustakis" and records "regarding any investigation of [Moustakis's] conduct or handling of cases while district attorney." The request also sought "information related to complaints and investigations regarding Mr. Moustakis that were completed or ended without any action taken against him[,]" as well as "any communications between Mr. Moustakis and [Department of Justice] since he took office in 1995."

¶10 The public records custodian of the Department of Justice referred the request to the Department's Division of Criminal Investigation and Division of Legal Services to prepare a response. The staff collected and reviewed the responsive documents and made numerous redactions. The public records custodian approved the proposed response for release. The response contained records relating to complaints against Moustakis that the Department of Justice ultimately found to be unsubstantiated.

¶11 The public records custodian at the Department of Justice left Moustakis a telephone message advising him that the Department would be releasing records responsive to The Lakeland Times' public records request. The Department also mailed a copy of the approved response to Moustakis.

¶12 Moustakis received the redacted records from the Department of Justice on or about March 5, 2014, more than seven months after The Lakeland Times made its public records request. The Lakeland Times did not receive the redacted records at the

5

same time that Moustakis received them.  The Department asserts that it provided Moustakis with notice and a copy of the response as a professional courtesy and that it was not required to do so by law.[5]

¶13  Moustakis notified the Department of Justice (through his counsel) of his intent to seek judicial review of the Department's decision to release the requested records.  On March 10, 2014, Moustakis filed this action under Wis. Stat. § 19.356(4) to enjoin the Department from releasing the records at issue.

¶14  The Department moved to dismiss the action, arguing, as we explained above, that Moustakis was not an "employee" as that term is defined in Wis. Stat. § 19.32(1bg) and that, as a result, Moustakis may not maintain an action under § 19.356(4) to restrain the Department from providing access to the records relating to him that are responsive to The Lakeland Times' public records request.

---

[5] The Department of Justice appears to argue it was not required to provide notice to Moustakis under Wis. Stat. § 19.356(2)(a)1.  Other statutory notice requirements exist. See Wis. Stat. § 19.356(9)(a)-(b).  Moustakis relies on Wis. Stat. § 19.356(9)(a) and (b) to bolster his interpretation of Wis. Stat. § 19.356(2)(a)1. and the definition of "employee" in Wis. Stat. § 19.32(1bg).  He sometimes seems to assert that he should have received notice under Wis. Stat. § 19.356(9)(a) and (b) and an opportunity to augment the record.  Moustakis's basic and repeated position, however, is that he does not want release of the records at all.  We address these claims more fully in ¶¶50-62.

¶15 The circuit court dismissed Moustakis's action on July 1, 2014, about one year after The Lakeland Times made its public records request to the Department of Justice, concluding that Moustakis was not an employee as defined in Wis. Stat. § 19.32(1bg) and as a result may not maintain an action under § 19.356(4). The court of appeals affirmed the circuit court's order dismissing the action. Moustakis sought review in this court.

II

¶16 The interpretation and application of statutes present questions of law that this court determines independently of the circuit court and court of appeals while benefiting from the analyses of these courts. Journal Times v. Police & Fire Comm'rs Bd., 2015 WI 56, ¶42, 362 Wis. 2d 577, 866 N.W.2d 563.

¶17 To determine the meaning of a statute, we look to the language of the statute. Schill v. Wis. Rapids Sch. Dist., 2010 WI 86, ¶49, 327 Wis. 2d 572, 786 N.W.2d 177. "Each word should be looked at so as not to render any portion of the statute superfluous." Hubbard v. Messer, 2003 WI 145, ¶9, 267 Wis. 2d 92, 673 N.W.2d 676 (note with citations omitted).

¶18 "[A]scertaining plain meaning requires us to do more than focus on a single, isolated sentence or portion of a sentence." Teschendorf v. State Farm Ins. Cos., 2006 WI 89, ¶12, 293 Wis. 2d 123, 717 N.W.2d 258 (citation and quotation marks omitted). Instead, "[w]e consider the meaning of words in the context in which they appear." Force ex rel. Welcenbach v. Am. Family Mut. Ins. Co., 2014 WI 82, ¶30, 356 Wis. 2d 582, 850

N.W.2d 866. "We favor an interpretation that fulfills the statute's purpose." State v. Hanson, 2012 WI 4, ¶17, 338 Wis. 2d 243, 808 N.W.2d 390 (citation omitted).

III

¶19 We adopt the organization, statutory analysis, reasoning, and, at times, language of the decision of the court of appeals in our interpretation of the public records law and application of the law to the parties' arguments. The court of appeals organized its analysis of the statutes as follows, and so do we:

A. The public records law embodies the fundamental concept in Wisconsin of transparent government. This concept guides our interpretation of the provisions of the public record law.[6]

B. The general rule is that no "authority" is required to notify a record subject prior to providing to a requester access to a record containing information pertaining to that record subject. Wis. Stat. § 19.356(1). Furthermore, "no person is entitled to judicial review of the decision of an authority to provide a requester with access to a record." § 19.356(1). The public records law contains an exception to this general rule for three narrow categories of records. § 19.356(2)(a)1.-3. If the record at issue falls in one of these three narrow

---

[6] See infra, ¶¶21-23; Moustakis, 364 Wis. 2d 740, ¶¶12-13.

categories of records, a "record subject" may maintain an action under § 19.356(4) seeking a court order to restrain the authority from providing access to the requested record.[7]

C. The only one of these three exceptions that Moustakis claims pertains to him is the one set forth in Wis. Stat. § 19.356(2)(a)1. This provision applies to certain records pertaining to an "employee." The application of § 19.356(2)(a)1. to Moustakis's records turns on whether Moustakis is an "employee," as defined in § 19.32(1bg).

    1. Moustakis is not an employee within the first part of the definition of "employee" in Wis. Stat. § 19.32(1bg).[8] He holds the elective office of Vilas County District Attorney.

    2. Moustakis is not an employee within the second part of the definition of "employee" in Wis. Stat. § 19.32(1bg). Moustakis, as Vilas County District Attorney, is not "employed by an employer other than an authority."[9]

D. Interpreting the definition of "employee" in the public records law as excluding a state public office does not

---

[7] See infra, ¶¶24-28; Moustakis, 364 Wis. 2d 740, ¶¶13-14.

[8] See infra, ¶¶34-36; Moustakis, 364 Wis. 2d 740, ¶¶15-17.

[9] See infra, ¶¶37-49; Moustakis, 364 Wis. 2d 740, ¶¶18-20.

9

render the term "employee" used in Wis. Stat. § 19.356(9)(a) mere surplusage.[10]

¶20  Thus, because the records at issue do not fall within the narrow category described in Wis. Stat. § 19.356(2)(a)1., Moustakis may not maintain an action under § 19.356(4) seeking a court order restraining the Department of Justice from providing access to the requested record.[11]

A

¶21  We begin with the following legislative declaration: "Except as otherwise provided by law, any requester has a right to inspect any record."  Wis. Stat. § 19.35(1)(a).

¶22  The legislature has explicitly stated the public policy as follows: "[I]t is . . . the public policy of this state that all persons are entitled to the greatest possible information regarding the affairs of government and the official acts of those officers and employees who represent them."  Wis. Stat. § 19.31.

¶23  In light of this policy, the legislature has stated that the public records law "shall be construed in every instance with a presumption of complete public access, consistent with the conduct of governmental business.  The denial of public access generally is contrary to the public

---

[10] See infra, ¶¶50-59; Moustakis, 364 Wis. 2d 740, ¶¶21-23.

[11] See infra, ¶¶60-61; Moustakis, 364 Wis. 2d 740, ¶¶13-15.

interest, and only in an exceptional case may access be denied." Wis. Stat. § 19.31.[12]

B

¶24 Under the public records law, the general rule is that a record subject is not entitled to notice prior to an "authority" granting a requester access to a record containing information pertaining to the "record subject." Wis. Stat. § 19.356(1).[13] Furthermore, subject to three narrow exceptions, "no person is entitled to judicial review of the decision of an authority to provide a requester with access to a record." § 19.356(1).

---

[12] Moustakis argues that public policy does not favor the release of the uncorroborated or untrue accusations contained in the records at issue. The public policy declared by the legislature, however, favors disclosure as a general rule, rather than nondisclosure.

The parties acknowledge that the Department of Justice sought to balance "the public interest in disclosure against the public interest in non-disclosure" when deciding whether to release the records at issue and redacted materials from the record. See Milwaukee Journal Sentinel v. Wis. Dep't of Admin., 2009 WI 79, ¶56, 319 Wis. 2d 439, 768 N.W.2d 700 (discussing the balancing test). Because we conclude that Moustakis is not entitled to pre-release judicial review of the records at issue and we do not have the records at issue (that is, we have neither the original records nor the redacted records), we do not review the Department's decision to release the redacted records.

[13] Some records that are subject to disclosure contain "personally identifiable information" about certain individuals. These individuals are known as "record subjects." Wis. Stat. § 19.32(2g).

11

¶25 The legislature excluded three narrow categories of records from these general rules that no authority is required to notify a record subject prior to providing to a requester access to a record containing information pertaining to that record subject and that no person is entitled to judicial review of the decision of an authority to provide a requester with access to a record. See Wis. Stat. § 19.356(2)(a)1.-3.

¶26 An "authority"[14] intending to release records falling within one of these three narrow categories of records must provide notice to the record subject before releasing the records and the record subject has the opportunity to seek pre-release judicial review. Wis. Stat. §§ 19.356(2)(a), 19.356(4). The record subject may commence an action (within the time specified in the public records law) seeking a court order "to

---

[14] An "authority" is defined in Wis. Stat. § 19.32(1) as follows:

"Authority" means any of the following having custody of a record: a state or local office, elective official, agency, board, commission, committee, council, department or public body corporate and politic created by the constitution or by any law, ordinance, rule or order; a governmental or quasi-governmental corporation except for the Bradley center sports and entertainment corporation; a special purpose district; any court of law; the assembly or senate; a nonprofit corporation which receives more than 50% of its funds from a county or a municipality, as defined in s. 59.001 (3), and which provides services related to public health or safety to the county or municipality; a university police department under s. 175.42; or a formally constituted subunit of any of the foregoing.

restrain the authority from providing access to the requested record."  Wis. Stat. § 19.356(3), (4).

¶27  The three exceptions granting rights to a record subject are set forth in Wis. Stat. § 19.356(2)(a)1., 2., and 3. These three provisions were intended to limit this court's holdings in Woznicki v. Erickson, 202 Wis. 2d 178, 549 N.W.2d 699 (1996), and Milwaukee Teachers' Education Ass'n v. Milwaukee Board of School Directors, 227 Wis. 2d 779, 596 N.W.2d 403 (1999).[15]  In Woznicki and Milwaukee Teachers, this court held that public employees were entitled to notice and to seek pre-release judicial review of the response to records requests pertaining to them.[16]  By enacting § 19.356(2)(a)1., 2., and 3., the legislature sought to limit the rights afforded by these cases "only to a defined set of records pertaining to employees residing in Wisconsin."  2003 Wis. Act. 47, Joint Legis. Council Prefatory Note.[17]

---

[15] See Local 2489, AFSCME v. Rock Cnty., 2004 WI App 210, ¶2, 277 Wis. 2d 208, 689 N.W.2d 644 (stating that 2003 Wis. Act 47 was enacted in response to Woznicki v. Erickson, 202 Wis. 2d 178, 549 N.W.2d 699 (1996), and Milwaukee Teachers' Education Ass'n v. Milwaukee Board of School Directors, 227 Wis. 2d 779, 596 N.W.2d 403 (1999)).

[16] See Milwaukee Teachers, 227 Wis. 2d at 797-98; Woznicki, 202 Wis. 2d at 195.

[17] The court of appeals refers to the Prefatory Note to 2003 Wis. Act 47 by the Joint Legislative Council's Special Committee on Review of the Open Records Law as confirming the court of appeals' interpretation of the public records law.  Legislative history may be consulted to confirm a plain meaning interpretation.  Teschendorf v. State Farm Ins. Co., 2006 WI 89, ¶14, 293 Wis. 2d 123, 717 N.W.2d 258.

¶28  Thus, the exceptions in Wis. Stat. § 19.356(2)(a)1., 2., and 3. are the only instances in which a record subject has a statutory right to receive notice and seek pre-release judicial review of a response to a public records request.

C

¶29  Moustakis asserts that the records at issue fall into one of these three narrow exceptions, namely, Wis. Stat. § 19.356(2)(a)1., that he is thus entitled to notice and pre-release judicial review of the records pertaining to him, and that he may commence an action seeking a court order to restrain the Department of Justice from providing access to the requested records.  This exception, § 19.356(2)(a)1., applies to a record "containing information relating to an <u>employee</u> that is created or kept by the authority and that is the result of an investigation into a disciplinary matter involving the employee or possible employment-related violation by the employee . . . ."  Wis. Stat. § 19.356(2)(a)1. (emphasis added).

¶30  The application of Wis. Stat. § 19.356(2)(a)1. to Moustakis's records turns on whether Moustakis is an "employee" for purposes of that provision.

¶31  "Employee" is defined in Wis. Stat. § 19.32(1bg) as "any individual who is employed by an authority, <u>other than an individual holding local public office or a state public office</u>, or any individual who is employed by an employer other than an authority" (emphasis added).

¶32  Thus, Wis. Stat. § 19.32(1bg) creates two categories of employees:  Individuals who are employed by an "authority"——a

14

category narrowed by the limiting clause excluding persons holding local public office or a state public office as employees——and those who are employed by an employer other than an "authority."

¶33 As we previously stated, "authority" is defined in the public records law. See Wis. Stat. § 19.32(1). The definition of "authority" includes a vast number of governmental entities "having custody of a record," including, as relevant here, "a state or local office."

¶34 Moustakis concedes, as he must, that he holds a state office and that he is not an "employee" of an authority under the first part of the definition of "employee" in Wis. Stat. § 19.32(1bg) that explicitly excludes from the definition of "employee" an individual holding a "state public office."

¶35 Analyzing the definition of "state public office" in the public records law, we agree with Moustakis that he is not an "employee" under the first part of the definition of "employee" in Wis. Stat. § 19.32(1bg). An individual is excluded as an employee under § 19.32(1bg) if he or she holds a "state public office." A "state public office" is defined in § 19.32(4). This provision reveals that a "state public office" has the meaning given in § 19.42(13) (with exceptions not relevant in the instant case). Reading § 19.42(13), we learn that "state public office" includes "all positions identified under s. 20.923(2) . . . ." Section 20.923(2) contains a list of "constitutional officers and other elected state officials."

15

Within that list, section 20.923(2)(j) refers specifically to "a district attorney."

¶36 Moustakis, the Vilas County District Attorney, is thus the holder of a "state public office" and does not qualify as an "employee" under the first part of the definition of "employee" set forth in § 19.32(1bg).

2

¶37 Even though Moustakis holds a state public office, he argues that he nevertheless qualifies as an "employee" under the second part of the definition of "employee" in Wis. Stat. § 19.32(1bg). According to Moustakis, he is "employed by an employer other than an authority," namely, he is employed by the State of Wisconsin.

¶38 In Moustakis's view, the definition of "employee" in Wis. Stat. § 19.32(1bg) is disjunctive and the two parts are not connected. Thus, even if Moustakis is not an "employee" under the first part of the definition of employee in Wis. Stat. § 19.32(1bg), he argues that he is an "employee" under the second part of that definition.

¶39 Specifically, Moustakis asserts that he is not an "employee" of the Vilas County District Attorney's office, which is identified as an "authority" under Wis. Stat. § 19.32(1). Moustakis contends he works <u>in</u> the office of the district attorney but that the indicia of employment demonstrate that he does not work <u>for</u> that office. He asserts that he works for the State of Wisconsin. The State of Wisconsin is not specifically mentioned in the definition of "authority." <u>See</u> Wis. Stat.

16

§ 19.32(1).

¶40 Moustakis reasons that because he is employed by the State of Wisconsin, which is not specifically identified as an "authority" under Wis. Stat. § 19.32(1), he is an "employee" under the second part of the definition of employee in § 19.32(1bg). He claims he is thus employed by an employer other than an "authority."

¶41 Moustakis's interpretation of the second part of the definition of "employee" is unpersuasive for several reasons.

¶42 Moustakis argues that he is an "employee" of the State of Wisconsin by relying on the Black's Law Dictionary's definition of "employer." The word "employer" is not defined in the public records law. Black's Law Dictionary defines "employer" as "one who controls and directs a worker . . . and who pays the worker's salary or wages."[18] Moustakis reasons that because no person within the Vilas County District Attorney's Office has the capacity to direct, control, or pay him, his employer is the State of Wisconsin rather than his elective office.

¶43 A significant difficulty with Moustakis's argument is that although the statutory definition of "authority" does not explicitly include the State, the statutory definition of

---

[18] The complete Black's Law Dictionary definition of "employer" is: "A person, company, or organization for whom someone works; esp., one who controls and directs a worker under an express or implied contract of hire and who pays the worker's salary or wages." Black's Law Dictionary (10th ed. 2014).

17

"authority" does include a "state or local office" and "an elective official." See Wis. Stat. § 19.32(1). A district attorney in Wisconsin is a "state office" and a district attorney is also an elective official.

¶44 Moustakis tries to distinguish between holding a state public office and being employed by that office. He points out that his employment derives from the Wisconsin constitution, as well as the salary-fixing statutes that classify him as holding a "state public office."[19] As a result, he concludes that he is an "employee" of the State of Wisconsin.

¶45 We agree with the court of appeals that Moustakis's distinction between holding a state public office and being employed by a state public office is unsupported by law, creates confusion, is contrary to any reasonable reading of the public records law, and is unpersuasive:

> The distinction Moustakis seeks to draw between "holding" a state public office and being "employed" by a state public office is entirely of his making. Moustakis is a district attorney, which, as we have indicated, is a "state public office" under the statutes Moustakis cites. A state office is an "authority" as that term is defined in § 19.32(1), and, but for the exclusionary clause in Wis. Stat. § 19.32(1bg), Moustakis would qualify as an "employee" under the first category as an "employee" employed by an "authority." That

---

[19] Moustakis cites Wisconsin Constitution Article VI, Section 4; Wis. Stat. § 19.32(4); Wis. Stat. § 19.42(13)(c); and Wis. Stat. § 20.923(2)(j) to buttress his claim that he is an "employee" of the State of Wisconsin.

> Moustakis would otherwise qualify as an "employee" of an "authority" means that he cannot also be employed by "an employer other than an authority." Moustakis's contrived argument fails to account for the straightforward notion that he both holds the state office of district attorney and is an employee of that office; the two capacities are not mutually exclusive.

Moustakis, 364 Wis. 2d 740, ¶20.

¶46 In sum, Moustakis contends that he holds a "state public office" and that under the second part of the definition of "employee" in Wis. Stat. § 19.32(1bg) he is an employee of the State of Wisconsin, which is not mentioned in the definition of "authority."

¶47 We conclude, as did the court of appeals, that Moustakis is not an employee under Wis. Stat. § 19.32(1bg). Under a plain reading of the text of the first part of the definition of "employee" under Wis. Stat. § 19.32(1bg), Moustakis qualifies as an employee of an authority.

¶48 Because Moustakis is an employee of an authority under the text of the first part of the definition of "employee" in Wis. Stat. § 19.32(1bg), Moustakis cannot be an individual employed by an employer other than an authority under the second part of the definition of "employee." The two parts of the definition of "employee" in Wis. Stat. § 19.32(1bg) are interconnected. Although Moustakis is excluded from the first part of the definition of "employee" in Wis. Stat. § 19.32(1bg) by the statutory language excluding an individual holding a

state public office as an employee,[20] the first part of the definition of "employee" makes clear that Moustakis is not an individual employed by an employer other than an authority. Accordingly, Moustakis is not employed by an employer other than an authority under the second part of the definition of "employee" in § 19.32(1bg).

¶49 We agree with the Department of Justice that the plain language, context, structure, and the interrelated provisions of the public records law all show that Moustakis is employed by an "authority" and that he is not an employee under Wis. Stat. § 19.31(1bg).

D

¶50 Moustakis argues that interpreting the term "employee" in Wis. Stat. § 19.32(1bg) to exclude anyone holding a "state public office," would render the term "employee" in Wis. Stat. § 19.356(9) mere surplusage.

¶51 We disagree with Moustakis. Interpreting the definition of "employee" in the public records law to exclude individuals holding "state public office" does not render the term "employee" as used in Wis. Stat. § 19.356(9)(a) mere surplusage.

---

[20] Because we decide the instant case based on the definition of "employee," we need not, and do not, address the Department of Justice's argument that the documents at issue were not the result of an investigation into a disciplinary matter involving the employee and therefore do not fit within Wis. Stat. § 19.356(2)(a)1.

¶52  Section 19.356(9) states (with emphasis added):

**(a)**  Except as otherwise authorized or required by statute, if an authority decides under s. 19.35 to permit access to a record containing information relating to a record subject <u>who is an officer or employee of the authority holding a local public office or a state public office</u>, the authority shall, before permitting access and within 3 days after making the decision to permit access, serve written notice of that decision on the record subject, either by certified mail or by personally serving the notice on the record subject.  The notice shall briefly describe the requested record and include a description of the rights of the record subject under par. (b).

**(b)**  Within 5 days after receipt of a notice under par. (a), a record subject may augment the record to be release with written comments and documentation selected by the record subject. Except as otherwise authorized or required by statute, the authority under par. (a) shall release the record as augmented by the record subject.

¶53  Wisconsin Stat. § 19.356(9)(a) and (b) create a notice requirement distinct from the notice provided for in Wis. Stat. § 19.356(2)(a)1.  Under Wis. Stat. § 19.356(9)(a) and (b), when an authority decides to permit access to a record containing information relating to "a record subject who is an officer or employee of the authority holding a local public office or state public office, the authority shall" provide written notice to the record subject and an opportunity to augment the record to be released.

¶54  Moustakis sometimes seems to assert that he should have received notice under Wis. Stat. § 19.356(9)(a) and (b) and an opportunity to augment the record.  Moustakis's basic and

21

repeated position, however, is that he does not want release of the records at all. Moustakis relies on Wis. Stat. § 19.356(9)(a) and (b) chiefly to bolster his argument that he is an "employee" as defined in Wis. Stat. § 19.32(1bg) and that none of the records at issue should be released.

¶55 Moustakis reasons that, based on the language of Wis. Stat. § 19.356(9)(a), the term "employee" in the statutes must include some individuals holding state public office. Moustakis asserts that under the usual rules of statutory interpretation, the statutory definition of "employee" in § 19.32(1bg) should be read into § 19.356(9)(a). According to Moustakis, if "employee" as defined in § 19.32(1bg) does not include an individual who holds state or local public office, the term "employee" in Wis. Stat. § 19.356(9)(a) has no meaning.

¶56 Moustakis's reasoning has superficial appeal. But, as the court of appeals noted, Moustakis's attempt to insert the definition of the term "employee" into Wis. Stat. § 19.356(9)(a) "creates a befuddling mess of that statute."[21]

¶57 We agree with the court of appeals' interpretation of Wis. Stat. § 19.356(9)(a). The court of appeals' approach appropriately harmonizes both statutes. The use of the word "employee" in Wis. Stat. § 19.356(9) does not change the proper interpretation of that term in Wis. Stat. §§ 19.32(1bg) and 19.356(2)(a)1.

---

[21] Moustakis, 364 Wis. 2d 740, ¶23.

¶58 The phrase in Wis. Stat. § 19.356(9)(a) referring to "a record subject who is an officer or employee of the authority holding a local public office or a state public office" is intended to be read as a restrictive clause modifying the term "record subject."[22] Thus, an individual who is not an "employee" under Wis. Stat. § 19.32(1bg) may still qualify as an "officer or employee of the authority holding a local public office or state public office" under Wis. Stat. § 19.356(9)(a).

¶59 The court of appeals explains Wis. Stat. § 19.356(9)(a) as follows:

> [W]e conclude the phrase "who is an officer or employee of the authority holding a local record [sic] office or state public office" was intended to be read as one restrictive clause modifying the term "record subject" in § 19.356(9)(a). Contrary to Moustakis's argument, this interpretation of § 19.356(9)(a), which is based on a straightforward, common sense reading of that statute, is fully consistent with § 19.32(1bg) in that both statutes recognize there are individuals who are employed by an "authority" and who also hold a local or state public office. In this sense, an individual who is not an "employee" under § 19.32(1bg) may nonetheless qualify as an "officer or employee of the authority holding a local public office or state public office" under § 19.356(9)(a).[23]

¶60 This interpretation of Wis. Stat. § 19.356(9)(a) is consistent with Wis. Stat. § 19.32(1bg) and construes each provision in a manner that serves each provision's purpose. Accordingly, we conclude that the inclusion of the term

---

[22] Moustakis, 364 Wis. 2d 740, ¶23.

[23] Moustakis, 364 Wis. 2d 740, ¶23.

"employee" in Wis. Stat. § 19.356(9)(a) does not alter the definition of "employee" in Wis. Stat. § 19.32(1bg).

¶61 Moustakis sometimes appears to argue that the Department of Justice violated his rights to notice and an opportunity to augment the record under Wis. Stat. § 19.356(9)(a) and (b). Moustakis does not ask, however, for any relief for any violation of Wis. Stat. § 19.356(9)(a) and (b). Aside from Moustakis's argument about the relationship between Wis. Stat. § 19.356(9)(a) and (b) and the definition of "employee" in Wis. Stat. §§ 19.32(1bg) and 19.356(2)(a)1., Moustakis's limited discussion of Wis. Stat. § 19.356(9)(a) and (b) may be read as part of his claim that Wis. Stat. § 19.356, as interpreted by the Department of Justice, is unconstitutional. That claim remains pending in the circuit court.

¶62 Moustakis's focus in this court is on pre-release judicial review under Wis. Stat. § 19.356(2)(a)1. and (4) of the Department of Justice's decision to provide records responsive to The Lakeland Times' request. Moustakis's goal in this court is an order restraining the Department of Justice from providing access to the requested records. Considering the arguments of the parties, we need not and do not address Wis. Stat. § 19.356(9)(a) and (b) further.

\* \* \* \*

¶63 After analyzing the public records law and the parties' arguments, we conclude, as did the court of appeals, that a district attorney holds a state public office and is not

24

an "employee" within the meaning of Wis. Stat. § 19.32(1bg) and 19.356(2)(a)1.  Because the records at issue do not fall within the narrow exception to the general rule that a "record subject" is not entitled to notice or pre-release judicial review of the decision of an authority to provide access to records pertaining to that record subject, Moustakis may not maintain an action under Wis. Stat. § 19.356(4) to restrain the Department of Justice from providing The Lakeland Times access to the requested records.

¶64 Accordingly, we affirm the decision of the court of appeals and the circuit court's order dismissing Moustakis's action under the Wisconsin public records law.  We remand the cause for further proceedings.

*By the Court.*-The decision of the court of appeals is affirmed, and the cause is remanded to the circuit court for further proceedings consistent with this opinion.

**APPENDIX A: Relevant Statutes and Wisconsin Constitutional**

**Provisions**

**Wis. Stat. § 19.31 – Declaration of policy.** In recognition of the fact that a representative government is dependent upon an informed electorate, it is declared to be the public policy of this state that all persons are entitled to the greatest possible information regarding the affairs of government and the official acts of those officers and employees who represent them. Further, providing persons with such information is declared to be an essential function of a representative government and an integral part of the routine duties of officers and employees whose responsibility it is to provide such information. To that end, ss. 19.32 to 19.37 shall be construed in every instance with a presumption of complete public access, consistent with the conduct of governmental business. The denial of public access generally is contrary to the public interest, and only in an exceptional case may access be denied.

**Wis. Stat. § 19.32 – Definitions.** As used in ss. 19.32 to 19.39:

(1)     "Authority" means any of the following having custody of a record: a state or local office, elective official, agency, board, commission, committee, council, department or public body corporate and politic created by the constitution or by any law, ordinance, rule or order; a governmental or quasi-governmental corporation except for the Bradley center sports and entertainment corporation; a special purpose district; any court of law; the assembly or senate; a nonprofit corporation which receives more than 50% of its funds from a county or a municipality, as defined in s. 59.001(3), and which provides services related to public health or safety to the county or municipality; a university police department under s. 175.42; or a formally constituted subunit of any of the foregoing.

. . . .

(1bg) "Employee" means any individual who is employed by an authority, other than an individual holding local public office or a state public office, or any

26

individual who is employed by an employer other than an authority.

. . . .

(2) "Record" means any material on which written, drawn, printed, spoken, visual, or electromagnetic information or electronically generated or stored data is recorded or preserved, regardless of physical form or characteristics, which has been created or is being kept by an authority. "Record" includes, but is not limited to, handwritten, typed or printed pages, maps, charts, photographs, films, recordings, tapes, optical disks, and any other medium on which electronically generated or stored data is recorded or preserved. "Record" does not include drafts, notes, preliminary computations and like materials prepared for the originator's personal use or prepared by the originator in the name of a person for whom the originator is working; materials which are purely the personal property of the custodian and have no relation to his or her office; materials to which access is limited by copyright, patent or bequest; and published materials in the possession of an authority other than a public library which are available for sale, or which are available for inspection at a public library.

(2g) "Record subject" means an individual about whom personally identifiable information is contained in a record.

. . . .

(4) "State public office" has the meaning given in s. 19.42(13), but does not include a position identified in s. 20.923(6)(f) to (gm).

**Wis. Stat. § 19.35  Access to records; fees.**
(1) RIGHT TO INSPECTION. (a) Except as otherwise provided by law, any requester has a right to inspect any record. Substantive common law principles construing the right to inspect, copy or receive copies of records shall remain in effect. The exemptions to the requirement of a governmental body to meet in open session under s. 19.85 are indicative of public policy, but may be used as grounds for denying public access to a record

only if the authority or legal custodian under s. 19.33 makes a specific demonstration that there is a need to restrict public access at the time that the request to inspect or copy the record is made.

. . . .

**Wis. Stat. § 19.356 – Notice to record subject; right of action**

**(1)** Except as authorized in this section or as otherwise provided by statute, no authority is required to notify a record subject prior to providing to a requester access to a record containing information pertaining to that record subject, and no person is entitled to judicial review of the decision of an authority to provide a requester with access to a record.

**(2)** (a) Except as provided in pars. (b) to (d) and as otherwise authorized or required by statute, if an authority decides under s. 19.35 to permit access to a record specified in this paragraph, the authority shall, before permitting access and within 3 days after making the decision to permit access, serve written notice of that decision on any record subject to whom the record pertains, either by certified mail or by personally serving the notice on the record subject. The notice shall briefly describe the requested record and include a description of the rights of the record subject under subs. (3) and (4). This paragraph applies only to the following records:

1. A record containing information relating to an employee that is created or kept by the authority and that is the result of an investigation into a disciplinary matter involving the employee or possible employment-related violation by the employee of a statute, ordinance, rule, regulation, or policy of the employee's employer.

2. A record obtained by the authority through a subpoena or search warrant.

3. A record prepared by an employer other than an authority, if that record contains information

28

relating to an employee of that employer, unless the employee authorizes the authority to provide access to that information.

(b) Paragraph (a) does not apply to an authority who provides access to a record pertaining to an employee to the employee who is the subject of the record or to his or her representative to the extent required under s. 103.13 or to a recognized or certified collective bargaining representative to the extent required to fulfill a duty to bargain or pursuant to a collective bargaining agreement under ch. 111.

(c) Paragraph (a) does not apply to access to a record produced in relation to a function specified in s. 106.54 or 230.45 or subch. II of ch. 111 if the record is provided by an authority having responsibility for that function.

(d) Paragraph (a) does not apply to the transfer of a record by the administrator of an educational agency to the state superintendent of public instruction under s. 115.31(3)(a).

**(3)** Within 5 days after receipt of a notice under sub. (2)(a), a record subject may provide written notification to the authority of his or her intent to seek a court order restraining the authority from providing access to the requested record.

**(4)** Within 10 days after receipt of a notice under sub. (2)(a), a record subject may commence an action seeking a court order to restrain the authority from providing access to the requested record. If a record subject commences such an action, the record subject shall name the authority as a defendant. Notwithstanding s. 803.09, the requester may intervene in the action as a matter of right. If the requester does not intervene in the action, the authority shall notify the requester of the results of the proceedings under this subsection and sub. (5).

**(5)** An authority shall not provide access to a requested record within 12 days of sending a notice pertaining to that record under sub. (2)(a). In addition, if the record subject commences an action under sub. (4), the

authority shall not provide access to the requested record during pendency of the action. If the record subject appeals or petitions for review of a decision of the court or the time for appeal or petition for review of a decision adverse to the record subject has not expired, the authority shall not provide access to the requested record until any appeal is decided, until the period for appealing or petitioning for review expires, until a petition for review is denied, or until the authority receives written notice from the record subject that an appeal or petition for review will not be filed, whichever occurs first.

**(6)** The court, in an action commenced under sub. (4), may restrain the authority from providing access to the requested record. The court shall apply substantive common law principles construing the right to inspect, copy, or receive copies of records in making its decision.

**(7)** The court, in an action commenced under sub. (4), shall issue a decision within 10 days after the filing of the summons and complaint and proof of service of the summons and complaint upon the defendant, unless a party demonstrates cause for extension of this period. In any event, the court shall issue a decision within 30 days after those filings are complete.

**(8)** If a party appeals a decision of the court under sub. (7), the court of appeals shall grant precedence to the appeal over all other matters not accorded similar precedence by law. An appeal shall be taken within the time period specified in s. 808.04(1m).

**(9)** (a) Except as otherwise authorized or required by statute, if an authority decides under s. 19.35 to permit access to a record containing information relating to a record subject who is an officer or employee of the authority holding a local public office or a state public office, the authority shall, before permitting access and within 3 days after making the decision to permit access, serve written notice of that decision on the record subject, either by certified mail or by personally serving the notice on the record subject. The notice shall briefly describe the

30

requested record and include a description of the rights of the record subject under par. (b).

(b) Within 5 days after receipt of a notice under par. (a), a record subject may augment the record to be released with written comments and documentation selected by the record subject. Except as otherwise authorized or required by statute, the authority under par. (a) shall release the record as augmented by the record subject.

**Wis. Stat. § 19.42 — Definitions.** In this subchapter [code of ethics for public officials and employees]:

. . . .

(13) "State public office" means:

. . . .

(c) All positions identified under s. 20.923(2), (4), (4g), (6)(f) to (h), (7), and (8) to (10), except clerical positions.

**Wis. Stat. § 20.923 - Statutory salaries.** The purpose of this section is to establish a consistent and equitable salary setting mechanism for all elected officials, appointed state agency heads, division administrators and other executive-level unclassified positions. All such positions shall be subject to the same basic salary establishment, implementation, modification, administrative control and application procedures. The salary-setting mechanism contained in this section shall be directed to establishing salaries that are determined on a comprehensive systematic basis, bear equitable relationship to each other and to the salaries of classified service subordinates, and be reviewed and established with the same frequency as those of state employees in the classified service.

. . . .

**(2)** CONSTITUTIONAL OFFICERS AND OTHER ELECTED STATE OFFICIALS.

. . . .

(j)   The annual salary of a district attorney shall be set under s. 978.12.

**Wis. Const. Article VI, Section 4 – County officers; election, terms, removal; vacancies.**   SECTION 4.

**(1)**   (a)   Except as provided in pars. (b) and (c) and sub. (2), coroners, registers of deeds, district attorneys, and all other elected county officers, except judicial officers, sheriffs, and chief executive officers, shall be chosen by the electors of the respective counties once in every 2 years.

....

(c)   Beginning with the first general election at which the president is elected which occurs after the ratification of this paragraph, district attorneys, registers of deeds, county clerks, and treasurers shall be chosen by the electors of the respective counties, or by the electors of all of the respective counties comprising each combination of counties combined by the legislature for that purpose, for the term of 4 years and surveyors in counties in which the office of surveyor is filled by election shall be chosen by the electors of the respective counties, or by the electors of all of the respective counties comprising each combination of counties combined by the legislature for that purpose, for the term of 4 years.

. . . .

**(5)**   All vacancies in the offices of coroner, register of deeds or district attorney shall be filled by appointment. The person appointed to fill a vacancy shall hold office only for the unexpired portion of the term to which appointed and until a successor shall be elected and qualified.

. . . .

¶65 PATIENCE DRAKE ROGGENSACK, C.J. *(concurring in part, dissenting in part).* I concur with the conclusion of the majority opinion that the questions presented are questions of statutory interpretation, not of standing.[1] I also concur that Albert D. Moustakis, the Vilas County District Attorney, is not an employee within the definition set out in Wis. Stat. § 19.32(1bg), although I do not agree with all of the majority opinion's reasoning upon which its statutory interpretation is based.

¶66 I dissent because the majority opinion chooses not to address obligations of the Department of Justice (DOJ) under Wis. Stat. § 19.356(9)(a) and (b), which must be met prior to release of the public records that the Lakeland Times seeks.[2] Nothing in the record shows that Moustakis received the notice required by § 19.356(9)(a), and without notice sufficient to satisfy § 19.356(9)(a) and (b), the DOJ is without statutory authority to release records that are at issue here. Accordingly, I would reinstate Moustakis's action under the public records law that the circuit court dismissed, and I respectfully concur in part and dissent in part from the majority opinion.

I. BACKGROUND

¶67 The majority opinion ably narrates the factual background for the case before us; therefore, I will set out

---

[1] Majority op., ¶3 n.2.

[2] Id., ¶¶53, 60-61.

only those facts necessary to enable the reader to follow my discussion below.

¶68 Although the record is far from clear, apparently an allegation was made that Moustakis was not properly carrying out the functions of his office as Vilas County District Attorney. The DOJ investigated the allegation and determined it was without merit. The Lakeland Times newspaper made a public records request of the DOJ asking for records that relate to the DOJ's investigation.

¶69 Moustakis believes he has rights relative to the release of the DOJ's records of the investigation pursuant to various subsections of Wis. Stat. § 19.356. The DOJ does not agree. Accordingly, Moustakis filed this action to enforce what he believes are his statutory rights relative to the requested records.[3] The circuit court agreed with the DOJ, and dismissed Moustakis's claims under Wisconsin's public records law. The court of appeals affirmed.

## II. DISCUSSION

### A. Standard of Review

¶70 In order to answer the questions presented but unaddressed by the majority opinion, I interpret and apply Wis. Stat. § 19.356(9)(a) and (b). Statutory interpretation and application present questions of law that we decide independently, while benefitting from the discussions of the

---

[3] Moustakis subsequently amended his complaint to assert constitutional and common law rights. Those claims remain in the circuit court and are not part of this review.

2

court of appeals and the circuit court. State v. Hanson, 2012 WI 4, ¶14, 338 Wis. 2d 243, 808 N.W.2d 390.

### B. Statutory Interpretation

¶71 Moustakis contends that "[a]t the barest of minimums, the court system must have standing to address the failure of a custodian to provide a Wis. Stat. § 19.356(9) notice where applicable prior to the release of a record."[4] The DOJ has asserted that it is not required to provide Moustakis with notice under § 19.356(9)(a) because he "is not entitled to invoke 19.356."[5]

¶72 Statutory interpretation begins with the plain meaning of the words chosen by the legislature. Wis. Indus. Energy Group, Inc. v. Public Serv. Comm'n of Wis., 2012 WI 89, ¶15, 342 Wis. 2d 576, 819 N.W.2d 240. If their meaning is plain, we apply that meaning and go no further. Kalal v. Circuit Court for Dane Cnty., 2004 WI 58, ¶45, 271 Wis. 2d 633, 681 N.W.2d 110. However, if a statute is "'capable of being understood by reasonably well-informed persons in two or more senses', then the statute is ambiguous." Watton v. Hegerty, 2008 WI 74, ¶15, 311 Wis. 2d 52, 751 N.W.2d 369 (quoting Kalal, 271 Wis. 2d 633, ¶47).

¶73 Wisconsin Stat. § 19.356(9) is my focus. It states in relevant part:

---

[4] Br. of Pl.-Appellant-Pet'r at 19.

[5] Tr. of April 3, 2014 Proceedings at 17.

3

(a) Except as otherwise authorized or required by statute, if an authority decides under s. 19.35 to permit access to a record containing information relating to a record subject who is an officer . . . holding a local public office or a state public office, the authority shall, before permitting access and within 3 days after making the decision to permit access, serve written notice of that decision on the record subject . . . . The notice shall briefly describe the requested record and include a description of the rights of the record subject under par. (b).

(b) Within 5 days after receipt of a notice under par. (a), a record subject may augment the record to be released with written comments and documentation selected by the record subject. Except as otherwise authorized or required by statute, the authority under par. (a) shall release the record as augmented by the record subject.

¶74 The DOJ agrees that Moustakis is an officer holding state public office. However, the DOJ asserts that Moustakis has no right to prior notice of an impending release of public records. The DOJ asserts that it gave Moustakis prior notice simply as a "courtesy."[6]

¶75 Wisconsin Stat. § 19.356(9)(a) is not an example of artful drafting, which has generated part of Moustakis's argument that he is an employee within the meaning of Wis. Stat. § 19.32(1bg). However, the application of § 19.356(9)(a) in regard to notice requirements for the case before us is plain. This is so in part because Moustakis is the Vilas County District Attorney and in part because the DOJ has the records under consideration. Therefore, Moustakis comes within the plain meaning of § 19.356(9)(a), which describes an "officer

---

[6] Id.

4

. . . holding . . . a state public office," and the DOJ comes within "the authority" in possession of the public records at issue.

¶76 In regard to notice, the plain meaning of Wis. Stat. § 19.356(9)(a) imposes statutory obligations that the DOJ must meet before it can release public records that relate to this record subject (Moustakis) who is an "officer" who holds "state office."

¶77 For example, Wis. Stat. § 19.356(9)(a)'s directive which begins as: "[T]he authority shall, before permitting access . . . serve written notice of that decision on the record subject," imposes affirmative obligations on the DOJ prior to release of these public records. Id. First, the DOJ must give Moustakis written notice. Id. Second, the notice must be given three days prior to release of the records. Id. Third, notice must be served on Moustakis either by certified mail or personal service. Id. Fourth, the written notice must briefly describe the records at issue. Id. Fifth, the written notice must inform Moustakis that he has five days after "receipt of a notice" in which to exercise his right to augment the records. Wis. Stat. § 19.356(9)(b). Sixth, the DOJ must explain that Moustakis may augment the records with "written comments and documentation" of his choice. Id. And finally, if Moustakis augments the records, the notice must provide that the DOJ shall release the records as augmented by Moustakis. Id.

¶78 "Wisconsin has a long history of holding public employees accountable through providing complete public access

5

to records that will assist in the public's review." Schill v. Wis. Rapids Sch. Dist., 2010 WI 86, ¶212, 327 Wis. 2d 572, 786 N.W.2d 177 (Roggensack, J., dissenting). I dissented in Schill because the lead opinion and the concurrence prevented access to emails that teachers received on work computers during work time in contravention to Wisconsin's tradition of open government. Id., ¶211.

¶79 The notice of Wis. Stat. § 19.356(9)(a) promotes open government. It increases transparency in regard to actions taken in the course of governmental business because it permits both sides of a concern to be placed before the public. The § 19.356(9)(a) notice is also an important aspect of fundamental fairness to public officers, who serve the people of Wisconsin. Dismissal of Moustakis's public records action stands in the way of both policies, which are supportive of good government. Accordingly, I would hold that the records at issue here cannot be released at this time due to the DOJ's failure to fulfill its statutory obligations related to the release of the records to Lakeland Times.

### III. CONCLUSION

¶80 I dissent because the majority opinion chooses not to address obligations of the DOJ under Wis. Stat. § 19.356(9)(a) and (b), which must be met prior to release of the public records that the Lakeland Times seeks. Nothing in the record shows that Moustakis received the notice required by § 19.356(9)(a), and without notice sufficient to satisfy § 19.356(9)(a) and (b), the DOJ is without statutory authority

to release records that are at issue here. Accordingly, I would reinstate Moustakis's action under the public records law that the circuit court dismissed, and I respectfully concur in part and dissent in part from the majority opinion.

¶81 I am authorized to state that Justices ANNETTE KINGSLAND ZIEGLER and MICHAEL J. GABLEMAN join this concurrence/dissent.