**2022 WI App 44**

# COURT OF APPEALS OF WISCONSIN
## PUBLISHED OPINION

Case No.:     2021AP615

---

Complete Title of Case:

JOURNAL SENTINEL, INC.,

PETITIONER-RESPONDENT,

V.

MILWAUKEE COUNTY SHERIFF'S OFFICE,

RESPONDENT,

FROEDTERT HEALTH, INC.,

INTERVENOR-APPELLANT.

---

| | |
|---|---|
| Opinion Filed: | July 6, 2022 |
| Submitted on Briefs: | February 11, 2022 |
| Oral Argument: | |

---

| | |
|---|---|
| JUDGES: | Brash, C.J., Donald, P.J., and Dugan, J. |
| Concurred: | |
| Dissented: | |

---

| | |
|---|---|
| Appellant ATTORNEYS: | On behalf of the intervenor-appellant, the cause was submitted on the brief of *Timothy W. Feeley* and *Heather D. Mogden* of *Hall, Render, Killian, Heath & Lyman, P.C.*, of Milwaukee. |

Respondent
ATTORNEYS:         On behalf of the petitioner-respondent, the cause was submitted on the
                   brief of *Paul T. Fox* and *Daniel Hildebrand* of *Greenberg Traurig,
                   LLP*, of Chicago, Illinois.

**COURT OF APPEALS**
**DECISION**
**DATED AND FILED**

**July 6, 2022**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2021AP615**

Cir. Ct. No. **2020CV5445**

**STATE OF WISCONSIN**

**IN COURT OF APPEALS**

JOURNAL SENTINEL, INC.,

      PETITIONER-RESPONDENT,

  V.

MILWAUKEE COUNTY SHERIFF'S OFFICE,

      RESPONDENT,

FROEDTERT HEALTH, INC.,

      INTERVENOR-APPELLANT.

      APPEAL from an order of the circuit court for Milwaukee County: WILLIAM S. POCAN, Judge. *Affirmed*.

      Before Brash, C.J., Donald, P.J., and Dugan, J.

¶1      DONALD, P.J.  Froedtert Health, Inc. (Froedtert) appeals a circuit court order directing the Milwaukee County Sheriff's Office (MCSO) to release to Journal Sentinel, Inc. (Journal) surveillance video footage from Froedtert which shows a criminal defendant prior to a fatal attack.  As discussed below, we conclude that the video is a public record subject to disclosure; however, Froedtert is not a "record subject" entitled to either notice of the disclosure or judicial review. Accordingly, Froedtert may not block MCSO from releasing the requested footage, and we affirm the circuit court's order.

## BACKGROUND

¶2      On January 25, 2019, a nurse was killed in Froedtert's parking garage. Kenneth Freeman was charged with first-degree intentional homicide for her death. Subsequently, Freeman was found not guilty by reason of mental disease or defect and was ordered committed for life to the Wisconsin Department of Health Services.

¶3      In November 2019, while the criminal case was pending, the Journal submitted an open records request to MCSO seeking the surveillance video footage of Freeman in the parking garage.  MCSO responded that the footage would not be available until the criminal case concluded.[1]

¶4      Subsequently, on July 24, 2020, after the completion of the criminal case, the Journal again requested the disclosure of the video.  In particular, the Journal requested the footage that captured Freeman for the "two-plus-hours" prior to the attack wandering around the hospital and the parking garage.  The Journal did not request footage of the attack or the victim.  MCSO denied the request, finding

---

[1]  In the circuit court, MCSO denied receiving a request for the video prior to July 24, 2020. The circuit court found that the Journal had requested the surveillance footage in November 2019. Froedtert does not challenge this factual finding on appeal.

that "the public interest in treating [the victim's] surviving loved ones with respect for their privacy and dignity outweighs any legitimate public interest in disclosure of the video footage leading up to Mr. Freeman's attack on [the victim]."

¶5      On September 11, 2020, the Journal petitioned for a writ of mandamus to compel the disclosure of the video. The circuit court issued an alternative writ of mandamus, instructing MCSO to either produce the video or show cause as to why production was not required or possible. MCSO moved to quash the writ of mandamus. Froedtert filed a motion to intervene, which was granted. Froedtert also filed a motion to quash and joined MCSO's motion to quash.

¶6      On March 25, 2021, the circuit court denied the motions to quash and ordered that MCSO immediately produce the requested footage to the Journal. Froedtert appealed the decision. MCSO did not appeal.

## DISCUSSION

¶7      On appeal, Froedtert argues that the circuit court's order should be reversed because the public policy interest in respecting crime victims' privacy rights outweighs the public's interest in access to the video. Froedtert also argues that a public record is not subject to disclosure where the record is created by a private employer related to its employee, and where the employee (or the employee's estate) does not authorize the release of the record.

¶8      In response, the Journal contends that public records law expressly prohibits Froedtert from blocking MCSO's release of the requested footage of Freeman prior to the attack.  We agree.[2]

¶9      Wisconsin's public records law is set forth in WIS. STAT. §§ 19.21-.39 (2019-20).[3]  The legislature has stated that the public records law:

> shall be construed in every instance with a presumption of complete public access, consistent with the conduct of governmental business.   The denial of public access generally is contrary to the public interest, and only in an exceptional case may access be denied.

WIS. STAT. § 19.31; *see also Linzmeyer v. Forcey*, 2002 WI 84, ¶15, 254 Wis. 2d 306, 646 N.W.2d 811 (stating that "the clearly stated, general presumption of our law is that all public records shall be open to the public").

¶10      The interpretation of the public record statutes and their application to undisputed facts are questions of law that we review independently, while benefitting from the circuit court's analysis.  *See Journal Times v. City of Racine Bd. of Police & Fire Comm'rs*, 2015 WI 56, ¶42, 362 Wis. 2d 577, 866 N.W.2d 563.

¶11      When interpreting statutes, we start with the language of the statutes. *State ex rel. Kalal v. Circuit Ct. for Dane Cnty.*, 2004 WI 58, ¶45, 271 Wis. 2d 633, 681 N.W.2d 110.  "Statutory language is given its common, ordinary, and accepted

---

[2] We note that the Journal frames its argument as a question of whether Froedtert has standing.  We, however, do not view this as a question of standing, but as a question of statutory interpretation.  *See Moustakis v. DOJ*, 2016 WI 42, ¶3 n.2, 368 Wis. 2d 677, 880 N.W.2d 142. Accordingly, we analyze whether Froedtert has the right to block MCSO's release of the requested footage as a question of statutory interpretation.

[3] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

meaning, except that technical or specially-defined words or phrases are given their technical or special definitional meaning." *Id.* If the meaning of a statute is plain, we ordinarily stop our inquiry and apply the words chosen by the legislature. *Id.* Generally, "[w]e favor an interpretation that fulfills the statute's purpose." ***Moustakis v. DOJ***, 2016 WI 42, ¶18, 368 Wis. 2d 677, 880 N.W.2d 142 (citation omitted).

¶12     Turning to this case, we first examine whether the requested information is a public record. WISCONSIN STAT. § 19.32(2) defines a "record" as "any material on which written, drawn, printed, spoken, visual, or electromagnetic information or electronically generated or stored data is recorded or preserved, regardless of physical form or characteristics, that has been created or is being kept by an authority." The statute further defines a "record" as including, but not limited to, "films, recordings, tapes, optical discs, and any other medium on which electronically generated or stored data is recorded or preserved." *Id.*

¶13     Here, it is undisputed that the video constitutes a record that is kept by a public authority, MCSO.[4] There is no requirement that the record be created by a public authority. *See id.* (stating that the material "has been created *or* is being kept by an authority" (emphasis added)). Privately created materials, such as the video in this case, are not exempt from disclosure. *See **Woznicki v. Erickson***, 202 Wis. 2d 178, 184, 549 N.W.2d 699 (1996), *superseded by statute as recognized in*

---

[4] WISCONSIN STAT. § 19.32(1) defines "authority" as including a "state or local office, elective official, … department or public body corporate and politic created by the constitution or by any law, ordinance, rule or order" who has "custody of a record." The office of the sheriff was created by the constitution, and thus, qualifies as an authority under the statute. *See* WIS. CONST. art. VI, § 4; ***Wisconsin Prof'l Police Ass'n v. County of Dane***, 106 Wis. 2d 303, 305, 316 N.W.2d 656 (1982).

*Moustakis*, 368 Wis. 2d 677, ¶27 (holding that private telephone records held by a district attorney's office were not exempt from public records law and were subject to the public records balancing test).[5]

¶14 Having concluded that the video constitutes a public record, we next examine whether Froedtert has the right to block the release of the requested footage. We conclude that it does not.

¶15 The general rule is that "no person is entitled to judicial review of the decision of an authority to provide a requester with access to a record." WIS. STAT. § 19.356(1). There is, however, an exception to this general rule for the following three categories of records:

> 1. A record containing information relating to an employee that is created or kept by the authority and that is the result of an investigation into a disciplinary matter involving the employee or possible employment-related violation by the employee of a statute, ordinance, rule, regulation, or policy of the employee's employer.
>
> 2. A record obtained by the authority through a subpoena or search warrant.
>
> 3. A record prepared by an employer other than an authority, if that record contains information relating to an employee of that employer, unless the employee authorizes the authority to provide access to that information.

Sec. 19.356(2)(a)1.-3. If a record falls within one of these three categories, a "record subject" is entitled to notice and may pursue judicial review to restrain the

---

[5] In applying the balancing test, an authority determines "whether permitting inspection of the records would result in harm to a public interest which outweighs the public interest in opening the records to inspection." *Linzmeyer v. Forcey*, 2002 WI 84, ¶25, 254 Wis. 2d 306, 646 N.W.2d 811.

authority from providing access to the requested record. Sec. 19.356(2)(a), (4); *Moustakis*, 368 Wis. 2d 677, ¶26.

¶16    Froedtert contends that the records fall under the third exception, WIS. STAT. § 19.356(2)(a)3. The problem, however, is that Froedtert does not qualify as a "record subject" under the statutes. A "record subject" is defined as "*an individual* about whom personally identifiable information is contained in a record." WIS. STAT. § 19.32(2g) (emphasis added). Froedtert is not an individual about whom personally identifiable information is contained in the record. The statutes do not define a "record subject" as an employer, like Froedtert. Thus, because Froedtert is not a "record subject," it does not have a right under the statutes to notice or to maintain an action to restrain MCSO from providing the Journal with access to the requested video footage.

¶17    Accordingly, we conclude that Froedtert may not block MCSO from releasing the requested video footage, and we affirm the circuit court's order. *See Moustakis*, 368 Wis. 2d 677, ¶63 (holding that a district attorney was not an "employee" within the meaning of WIS. STAT. §§ 19.32(1bg) and 19.356(2)(a) (2013-14), and thus, could not maintain an action under § 19.356(4) to restrain the DOJ from providing access to the requested records).

*By the Court.*—Order affirmed.